## JONES v WELLS Co

Ohio Appeals, 2nd Dist, Franklin Co
No 1948. Decided Oct 23, 1930

J. E. Bowman and L. P. Henderson, both of Columbus, for Jones.

Cowan, Adams & Adams, Columbus, for Wells Co.

## PER CURIAM:

It should be observed, that upon this record there is no showing that the preliminary hearing was completed and that all of the evidence was before the court and tho defendant was represented by counsel does it appear that there was any motion made on behalf of the defendant to discharge him or any objection to the action taken. Our attention is not drawn to any provision of the statute requiring the court to make decision under **13433-5 GC** within any given length of time. Such porvisions are not unusual in our law. A justice of the peace is required to decide a civil suit within three days after it is submitted. There is a statute which requires a defendant to be brought to trial after indictment within a certain number of terms. There are other similar provisions in the law. It would, therefore, seem that in the absence of an express showing that the cause was finally submitted, it may be assumed that the entry "Continued generally" related to further consideration of the case on preliminary hearing, or, that the court continued the case pending final decision. The evidence is too meager to overcome the presumption of regularity attending the record.

There is much of force in the contention of counsel for plaintiff.

We are not prepared to say that the court had authority to make the entry "Continued generally", and thereby accomplish the purpose to hold determination of the case in abeyance beyond a reasonable time, nor, if the record clearly disclosed that the preliminary hearing had been concluded and the court, upon motion for dismissal, undertook to dispose of the case finally by continuing it generally this would not be tantamount to a discharge of the defendant.

In other words, the section above cited required the Court to bind over and fix bond or to dismiss and it is a very nice question whether or not any other action than that which would require the defendant to give bond would not, in effect, amount to a dismissal.

"When it appears that the statute has been disregarded, the accused is entitled to a discharge." **Johnson v. State 42 Oh St 208.** Exparte Steinmetz N. C. Rep. 172 No. 9, October 15, 1930.

If this were a collateral attack then clearly it was the obligation of the plaintiff to take the proper steps to have decisive ac-

tion taken by the court under the statute. If the action of the court was the equivalent of a dismissal then the trial court was required to so construe it.

The entry of the court upon its docket imports verity and in the light of the facts in this case, we can not say that the court exceeded its power in making the entry "Continued generally". The period of time which had elapsed, namely, from April 19, the date of the hearing, to June, 1929, the date of the filing of the petition, was not, in itself, sufficient to show that the entry of the continuance was a final disposition of the case. Granting that the court had the authority to continue the case, which it undoubtedly had under the facts presented here, we are satisfied that it clearly appears that the cause was not terminated in his favor and that the trial court was correct in directing a verdict for the defendant.

The judgment will, therefore, be affirmed.

Hornbeck, J, Kunkle, PJ, and Allread, J, concur.