LONGWORTH, Plaintiff-Appellant, v. SCHOB, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5734. Decided December 10, 1957.

Isadore L. Margulis, Columbus, for plaintiff-appellant.
R. Brooke Alloway, Columbus, for defendant-appellee.

## OPINION

By BRYANT, J.

John B. Longworth brought action for malicious prosecution in the Franklin County Common Pleas Court naming as defendant, Fred A. Schob, a state game protector. The case was tried before Judge Joseph M. Harter of the Franklin County Common Pleas Court, and a jury. Judge Harter directed a verdict in favor of the defendant on the grounds that plaintiff had failed to show that a criminal charge filed in the Columbus Municipal Court, which was the basis for the malicious prosecution action, had been terminated in a manner favorable to Longworth. Plaintiff's exhibit No. 3 was a transcript of the proceedings before the Columbus Municipal Court based upon an affidavit filed by Schob charging that Longworth had assaulted him.

Plaintiff-appellant makes five assignments of error. The fifth is as follows:

"5. That the lower Court should have disqualified itself in the instant case because of its relationship of client and attorney between the Court and R. Brooke Alloway because of a then pending case in the Court of Appeals in which the said R. Brooke Alloway represented the Court as special counsel."

This assignment of error, in our opinion, is without merit. The lower court in the Knadler case was merely complying with §2945.69 R. C., permitting the trial court to "appoint some competent attorney" to argue the Judge's finding where the Prosecuting Attorney has taken a special appeal in a criminal case. Neither the lower court nor counsel appointed by such court is subject to any censure whatsoever and their actions in the Knadler case were entirely in good faith. This assignment of error, in our opinion, is completely without merit and is overruled.

The main question remaining is whether or not the misdemeanor case filed by Schob naming Longworth, as defendant, had been term-

inated favorably to Longworth at the time Longworth brought this action. Plaintiff's exhibit No. 3 was a transcript of the record of the Columbus Municipal Court in the case of State v. John B. Longworth, the case in question, it showing that the affidavit was filed August 19, 1954, came on for hearing August 20, 1954, followed by a series of eleven continuances having a total of three hundred days. Three of the continuances were forty days or more, two exceeded thirty days and three exceeded twenty days. On June 15, 1955 the following action was taken in the Columbus Municipal Court as disclosed by plaintiff's exhibit No. 3:

"This day this cause came on for hearing, and the defendant being present in open court, thereupon the case was dismissed subject to the call of the prosecutor." (Emphasis added.)

Sec. 2937.02 R. C., provides as follows:

"When an accused is taken before a court or magistrate and a warrant has been returned, such court or magistrate shall inform him of the charge against him and of his right to have counsel, and with the consent of the accused, may proceed forthwith to examine into the merits of the charge. Upon application on behalf of the prosecution or the defense, and for good cause shown, the court or magistrate shall postpone the examination for a reasonable time, not to exceed ten days except by the consent of both parties. The absence of counsel or material witnesses is reasonable cause for continuance. Any postponement of the examination contrary to this section has the legal effect of a dismissal of said proceeding for want of prosecution, but in event a proceeding is so dismissed it does not have the effect of a bar to any further proceeding upon the same charge." (Emphasis added.)

According to the provisions of the above section, continuances are limited to not to exceed ten days "except by the consent of both parties." The transcript of the proceedings of the Columbus Municipal Court fails to show whether or not both parties did consent. Counsel for Longworth contends that his client was not even present on at least one of the occasions when action was taken, inferring, we presume, that no consent was given.

A somewhat similar situation was present in the case of State. ex rel. William C. Micheel v. Theodore J. Vamos, 144 Oh St 628, an action for a writ of prohibition, decided in 1945. Prior to the commencement of the above action the said Micheel was a defendant in a criminal action (felony) filed in the court of the said Vamos, a Justice of the Peace. Soon after the filing of the criminal charge, Micheel furnished bond and a hearing was had in which two prosecution witnesses were examined, whereupon a continuance was asked by the Prosecuting Attorney. This was followed by a series of other continuances asked for by the Prosecutor until nearly eight months had passed. It was at this point that Micheel petitioned the Cuyahoga County Court of Appeals for a writ of prohibition to prohibit Vamos, as a Justice of the Peace, from taking any further action. The prosecution opposed this writ contending that the criminal charge was still pending and undecided in the Justice of the Peace Court. The Court of Appeals denied the writ but this was reversed upon appeal to the Supreme Court, the latter upholding the ten day limit on continuances without the consent of both parties.

Paragraphs three and four of the syllabus in the Vamos case, supra, are as follows:

"3. In such a case, where the examination is postponed for a period in excess of ten days from such return date without the consent of the accused, the justice loses jurisdiction both of the subject matter and of the person of the accused.

"4. Where a justice of the peace has lost jurisdiction of the subject matter and of the person of the accused and thereafter threatens to exercise jurisdiction and examine into such complaint at some future time, a writ of prohibition will issue to prevent such action by the justice."

At page 361 of the opinion the court said:

"In passing, it may well be observed that past experience has demonstrated that prosecution too long delayed often amounts to persecution; that to publicly accuse one of crime casts a cloud upon the reputation and standing of the accused in the community, and for that reason it has always been the policy of our law to guarantee the accused a speedy public trial. We find such a provision written into the Sixth Amendment to the Constitution of the United States (which applies to prosecutions in federal courts) and into Section 10, Article I, Ohio Constitution, which provides in part as follows:

" 'In any trial, in any court, the party accused shall be allowed * * * a speedy public trial * * *.'

"Pursuant to that provision of the Ohio Constitution, the General Assembly has enacted, from time to time, numerous procedural statutes, relating to criminal cases, with the purpose and intent to make effective that constitutional guarantee. (See §§13433-1, 13436-23 and 13447-1 GC.)"

We have been cited to the case of Jones v. The Wells Co., 123 Oh St 516, decided in 1931, both sides citing it in their briefs. In the Jones case, supra, which originated in Franklin County, an employee of the Wells Company had been arrested on a felony charge and imprisoned thereunder for two days from April 17 to April 19, 1929. On April 18 this employe was arraigned, pleaded not guilty and on April 19, 1929 was given a hearing in Municipal Court with certain witnesses for the prosecution being examined. At the conclusion of this hearing the court entered upon its docket "that his case was continued generally" and the employee, Jones, was released without any recognizance required. When the employee brought an action for malicious prosecution it was contended in the Common Pleas Court that the criminal case was still pending in the Municipal Court and the Common Pleas Court directed a verdict in favor of the defendant. On appeal to the Court of Appeals of Franklin County (reported as Jones v. The Wells Co., 9 Abs 242) the Court of Appeals, while expressing some doubt, affirmed the judgment of dismissal by the Common Pleas Court. The Supreme Court reversed the Court of Appeals and in course of the opinion at page 519 in the Jones case, supra, held that the action taken by the Municipal Court "in fact discharged the accused from custody and exhausted his jurisdiction and rendered both the affidavit and the warrant functus officio." (See Jones v. The Wells Co., 123 Oh St 516 at p. 519,

82

But is it necessary for us to pass upon the effect of the many continuances granted in the case now pending before us? We do not believe that it is for the reason that the last step taken by the Columbus Municipal Court with reference to the misdemeanor affidavit was in fact and by its terms not a continuance but a dismissal. The fact that the word, dismissal, was followed by the language, "subject to the call of the prosecutor" is of no particular significance in our opinion. It was a dismissal and that is a termination favorable to Longworth for the purposes of Longworth's action for malicious prosecution.

For the reasons above set forth the first and second assignments of errors are well taken and the judgment of the court below is hereby reversed and set aside and a new trial ordered.

Coming now to consider other errors assigned by Longworth, we do not feel that the third and fourth are prejudicial and they are, therefore, overruled.

Judgment reversed, cause remanded for a new trial.

PETREE, PJ, MILLER, J, concur.